LEO KOSSOFF, Respondent, *v.* HARRY ALT, Doing Business under the Trade Name and Style of ALT WOOLEN COMPANY Appellant.

First Department, April 7, 1922.

**Trial — instructions — burden of proof — action to recover balance of salary under contract which had been modified — defense that under contract, modified, as claimed by defendant, payment had been made in full — no dispute as to amount paid — error for court to charge that burden was on defendant to prove modification of contract as claimed by him — error not cured by subsequent instructions.**

In an action to recover an alleged balance of salary due under a contract which had been modified by agreement of the parties wherein the defense was that payment had been made in full under the contract modified as claimed by the defendant, whose evidence conflicted with the plaintiff's evidence in respect to such modification, there being no dispute as to the amount actually paid, it was error for the court to charge that the burden was on the defendant to prove that

the modification of the contract was as claimed by him. The error was not cured by stating that the instruction related to the affirmative defense of payment only and by charging that the plaintiff had the burden of proving the necessary allegations of the complaint, followed by a refusal to charge that the burden throughout the entire case rested with the plaintiff and by charging that the plaintiff had the affirmative throughout the case and that he must satisfy the jury by a fair preponderance of the evidence of his claim, " but not of the defendant's defense," as there was no issue as to payment and the jury may well have understood that the defense referred to was the defendant's claim with respect to the modification of the contract.

APPEAL by the defendant, Harry Alt, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 14th day of October, 1921, upon the verdict of a jury, and also from an order entered in said clerk's office on the same day, denying defendant's motion for a new trial made upon the minutes.

*A. S. Marcuson* [*Samuel J. Rawak* of counsel], for the appellant.

*Ferris & Ansbacher* [*Jacob Ansbacher* of counsel], for the respondent.

LAUGHLIN, J.:

Plaintiff alleges that in the month of January, 1920, while he was in the employ of the defendant as a salesman on a salary and commission basis, he and the defendant agreed that the employment should continue throughout the year 1920 on the same basis; that it was so continued until the month of March or April; and that then, the defendant being desirous of organizing a wholesale woolen business at Cleveland, Ohio, it was agreed that the plaintiff should go to Cleveland and become the president of a corporation to be organized by him there for the defendant, and conduct the business, and should receive as compensation for the entire year of 1920, $15,000; and that he was to have a drawing account of $110 weekly, and at the end of the year should receive from defendant the balance of the $15,000; that he has duly performed the contract as so modified, and has received on account of his salary of $15,000 the sum of $9,184.58, and has demanded the balance, which defendant has refused to pay. The answer of the defendant puts in issue the allegations of the complaint with respect to the modification of the contract concerning the salary or compensation to be paid to the plaintiff, and pleads payment in full, and alleges that plaintiff was paid more than he was entitled to receive, and pleads a release to the Ohio corporation through which the defendant conducted his business at Cleveland.

The testimony of the plaintiff tends to support the allegations of the complaint; and that on the part of the defendant, given by himself, his bookkeeper, and his brother-in-law, and accounts of

the Cleveland business kept under the supervision of the plaintiff, tend to show that the modification of the agreement by which the plaintiff was to take charge of the defendant's business at Cleveland, Ohio, contemplated the continuance of the plaintiff's compensation on the same basis as before until the new business was begun in Cleveland, which was about the first of July, and that from that time plaintiff was to receive only $110 per week. On the 11th of January, 1921, plaintiff executed a general release to the Globe Woolen Company, the corporation organized for conducting the defendant's business at Cleveland; but the plaintiff testified that, when he executed the release, it was understood that it was not to affect the individual liability of the defendant to him for the balance owing.

In submitting to the jury the issue of fact as to what the parol modification of the agreement with respect to the plaintiff's salary or compensation was, the court instructed them, as the charge was ultimately modified, that the plaintiff claimed that it was to the effect that he was to receive from the defendant his salary of $15,000 for the entire year and a drawing account against the same of $110 per week; and that the defendant claimed that the plaintiff's compensation was to be on the same basis as theretofore until the business in Cleveland was opened, and thereafter a salary of only $110 per week was to be paid to him, and that the contract was taken over by the corporation, and that the plaintiff had overdrawn his account to the extent of about $4,000. The court instructed the jury that, if the modification was as claimed by the defendant, plaintiff could not recover, but if as claimed by the plaintiff he was entitled to recover $6,096.46. The jury were then instructed that the defense " that is set up here is in the nature of an affirmative defense," and that it was contended by the defendant that he had paid the plaintiff all that was owing to him; and that claim was sustained if the jury believed the testimony of the defendant and of his brother-in-law. The court then instructed the jury as follows: " The burden is on this defendant under the circumstances to prove that by the weight of the testimony and by the quality of the proof offered, not by its quantity, that that modified contract was as claimed by the defendant in this litigation and if this defendant has failed to satisfy you in that respect, then you have got to find a verdict for the plaintiff in this litigation."

The court further instructed the jury that the case presented a simple issue of fact with respect to what the modification of the contract was, and that it depended upon the credibility of the witnesses and the probabilities with respect to the truthfulness of their stories, and directed their attention to the fact that, under

the modification of the contract as claimed by the defendant, plaintiff was to receive less than he had been receiving; and, in that connection, the jury were instructed that they must take into consideration the testimony in behalf of the defendant, to the effect that the trade in this line of business commenced to go off in 1920, and that the defendant established the Cleveland business to dispose of his surplus stock of goods, and that from those facts the presumption arose that, if the plaintiff had continued in defendant's employ under the original contract, he would not have received as much as he had been theretofore receiving. The attorney for the defendant duly excepted to the charge that the burden was on the defendant to prove that the modification of the contract was as claimed by him, and that, unless he proved it, the plaintiff was entitled to a verdict. One of the attorneys for the plaintiff thereupon suggested that his recollection was that the court charged that the defendant had the burden to prove the affirmative defense of payment only. The court answered, " That is all; " and the attorney for the plaintiff thereupon said: " And in order that there may be no question about that point, I ask your Honor to charge the jury that the burden is upon the plaintiff to prove all the necessary allegations of his complaint." To this the court responded: " Absolutely; my remark only went to the defense introduced here." The attorney for the defendant thereupon excepted and requested the court to charge " that the burden throughout the entire case rests upon the plaintiff." The court declined so to charge and the defendant excepted. The attorney for the defendant, Mr. Marcuson, then requested the court to charge that the plaintiff had " the affirmative throughout the case and he must satisfy the jury by a fair preponderance of the evidence, of his claim." The court declined so to charge and the defendant excepted. The attorney for the plaintiff thereupon said: " I take it that Mr. Marcuson has properly framed that request but in different language than as understood; he did not quite finish it." The court asked that the request be read, and on its being read by the reporter said: " Of his claim, yes; but not of the defendant's defense," and the defendant excepted to the modification.

The original charge pointedly and emphatically placed the burden on the defendant of satisfying the jury by the weight of the testimony and the quality of the proof that the modification of the contract was as claimed by him, and that, unless he did so, plaintiff was entitled to recover. Those instructions were erroneous, and it is manifest that they were prejudicial to the defendant. The error cannot be overlooked unless it is perfectly clear that it was fully corrected and that the jury understood that the erroneous instructions

were withdrawn. There was an effort to correct the error, but I am of opinion that it cannot be said on this record that the jury understood that the court withdrew these erroneous instructions. There was no controversy with respect to the payments that had been received by the plaintiff on account. Defendant, to be sure, pleaded payment in full, but did not claim that the plaintiff had received any more than he admitted having received. If the modification of the contract was as claimed by the defendant, then the plaintiff was paid in full and overdrew his account, but if the modification was as claimed by the plaintiff, he was entitled to recover the amount for which the verdict was rendered. The mere statement by the court, on the suggestion of the attorney for the plaintiff, that these instructions related to the affirmative defense of payment only, did not, in the circumstances, cure the error, for, although the court in delivering the charge, may have had it in mind that the burden of proof with respect to payment only was on the defendant, there was no issue with respect to payment submitted to the jury; and the erroneous instructions expressly related to the modification of the contract. Those erroneous instructions were not expressly withdrawn; and I think the error was not cured by the subsequent charge that the plaintiff had the burden of proving the *necessary* allegations of the complaint, because the jury were not informed which allegations of the complaint were necessary, and which, if any, were unnecessary. Moreover, although that instruction tended to some extent to correct the error, the effect of it was virtually destroyed by the refusal of the court immediately thereafter to charge as requested by the defendant that the burden throughout the entire case rested on the plaintiff. There having been no issue of fact with respect to payment, that request was sound and should have been given. The request next made by the attorney for the defendant was also proper, and, in the circumstances, should have been granted. It was to the effect that the plaintiff had the affirmative throughout the case and must establish his claim to the satisfaction of the jury by a fair preponderance of the evidence. The court at first declined so to instruct the jury, but, on the request being read again, the court so charged, but with the qualification to the effect that, although the plaintiff had the burden of proof with respect to his claim, he did not have it with respect to the defendant's defense. That was calculated to leave the jury still in doubt as to whether the court intended to withdraw the erroneous instructions, for, with the exception of a general reference, as already stated, concerning the burden of proof as to the defense of payment, the only defense to which the attention of the jury was drawn was

the defendant's claim with respect to what the modification of the contract was, and on that point the court had very clearly and forcibly instructed the jury that the burden of proof was on the defendant. In the circumstances it is not improbable that the jury understood that that was the defense to which the court last alluded. It is unfortunate that the learned trial court inadvertently fell into this error, which we think influenced the jury to the prejudice of the defendant, and, therefore, requires a new trial.

It follows that the judgment and order should be reversed, and a new trial granted, with costs to appellant to abide the event.

DOWLING, SMITH, MERRELL and GREENBAUM, JJ., concur.

Judgment and order reversed and new trial ordered, with costs to appellant to abide the event.